IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAUL PANTONE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROYAL HANSEN,<br><br>　　　　　　Defendant.[1] | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:10-CV-454-TC |

On May 13, 2010, *pro se* plaintiff Paul Pantone filed a civil rights complaint in this court against Royal Hansen, a trial judge in the Third District Court for the State of Utah. Mr. Pantone brings his claims under 42 U.S.C. § 1983. Based on the doctrine of absolute judicial immunity, the court DISMISSES Mr. Pantone's complaint.

A court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under the same rule, the court may dismiss a complaint *sua sponte* "when it is patently obvious that the plaintiff [cannot] prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation marks and citation omitted).

Even liberally construing Mr. Pantone's *pro se* complaint,[2] the court finds that the defects

---

[1]Mr. Pantone includes "et al." in his caption, but only one defendant, Royal Hansen, is named in the complaint.

[2]Courts must liberally construe *pro se* pleadings. Hall, 935 F.2d at 1110.

in his complaint cannot be cured by an amendment.

According to the complaint, Judge Hansen violated Mr. Pantone's rights[3] while acting in
his official capacity as a state court judge: "[A]t all times relevant herein, the Defendant, Royal
Hansen, an individual . . . with an official title of Judge . . . used said position" to violate Mr.
Pantone's constitutional rights under the Sixth Amendment in connection with two state criminal
cases. (Compl. at pp. 2-3.) Mr. Pantone also alleges that Judge Hansen "did so knowing[ly] and
wantonly allow other individuals within separate agencies within the Government of the State of
Utah to commit further depravation of civil right [sic] under color of law with his person protect
[sic] and blessing[.]" (Id. ¶ 10.)

Although Mr. Pantone's allegations do not appear to state a valid cause of action under
§ 1983, the court need not analyze the merits of the complaint, because Judge Hansen is, as a
matter of law, absolutely immune from suit. "[J]udicial immunity is an immunity from suit, not
just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citing
Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

Also, the two extremely narrow exceptions to judicial immunity do not apply here.
According to the United States Supreme Court,

> our cases make clear that [absolute judicial immunity] is overcome in only two
> sets of circumstances. First a judge is not immune from liability for nonjudicial
> actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is
> not immune for actions, though judicial in nature, taken in the complete absence
> of all jurisdiction.

Id. at 11-12. None of the allegations in Mr. Pantone's complaint could possibly fall within either

---

[3]For purpose of analysis under Rule 12(b)(6), the court must take all well-pleaded
allegations as true. Id. at 1109.

of the two extremely narrow exceptions cited immediately above.

For the foregoing reasons, the court DISMISSES Mr. Pantone's complaint in its entirety.

The Clerk of the Court is directed to close this case.

SO ORDERED this 13th day of July, 2010.

BY THE COURT:

TENA CAMPBELL
Chief Judge